UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:16-cr-121-DJH

FRANCIS CORDERO-ROSARIO, Defendant.

\* \* \* \* \*

## ORDER

This matter was set for trial on February 21, 2017. (Docket No. 15) On January 30, 2017, the parties notified the Court the defendant wished to enter a guilty plea, and a change of plea hearing was scheduled for February 8, 2017. (D.N. 18) Upon request of the parties, the hearing was rescheduled for March 3, 2017. (D.N. 20) The change of plea hearing set for March 3, 2017 must now be continued due to a scheduling conflict. The parties have agreed that this delay serves the ends of justice and should be excluded under the Speedy Trial Act. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The change of plea hearing is **RESET** for **March 21, 2017, at 10:00 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(2) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from February 21, 2017 to March 21, 2017 is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by granting the motion for continuance outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny the defendant the reasonable time

1

necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

March 2, 2017

**David J. Hale, Judge**
**United States District Court**