**FILED**
VANESSA L. ARMSTRONG, CLERK

MAR 21 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL ACTION NO. 3:16CR-121-DJH

FRANCIS CORDERO-ROSARIO     DEFENDANT

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of Kentucky, and defendant, Francis Cordero-Rosario, and his attorney, Hon. Pat Renn, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 853, and Title 28, United States Code, Section 2461. Defendant further acknowledges that the Indictment in this case seeks forfeiture of all firearms and ammunition involved in the commission of the offenses in this case, including, but not limited to a Hi-Point, Model JCP 40 S&W, .40 caliber pistol, bearing serial number X711046.and a Taurus, Model PT709, 9 millimeter pistol, bearing serial number TEN69471, and ammunition, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, by reason of the offenses charged in Counts 2 and 4 of the Indictment.

2. Defendant has read the charges against him contained in the Indictment and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to the charges contained in Counts 1-5 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea: As to Counts 1 and 2 of the Indictment- on December 2, 2015, the defendant sold approximately 2 grams of cocaine and a Hi-Point, Model JCP 40 S&W, .40 caliber pistol, bearing serial number X711046, $650.00. As to Counts 3 and 4 of the Indictment- on December 7, 2015, the defendant sold approximately 2 grams of cocaine and a Taurus, Model PT709, 9 millimeter pistol, bearing serial number TEN69471 for $700.00. As to Count 5 of the Indictment-On December 11, 2015, the defendant sold approximately 1 gram of cocaine for $300.00. The defendant has previously been convicted of the felony offense of first-degree possession of a controlled substance in Case Number 11-CR-00028 in Hardin County Circuit Court, Elizabethtown, Kentucky. The Hi-Point .40 caliber pistol and the Taurus 9 millimeter pistol were both manufactured outside of Kentucky and therefore travelled in interstate commerce.

4. Defendant understands that the charges to which he will plead guilty carries a maximum term of imprisonment of 80 years, a maximum fine of $3,500,000, and a term of supervised release of not less than 3 years, nor more than life, as the Court may determine. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any interest he has in the firearms and ammunition specified in the Notice of Forfeiture.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set

forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A.    If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully inform the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise before, during, or after sentencing. Defendant admits all acts and essential elements of

the indictment counts to which he pleads guilty.

8. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $500 to the United States District Court Clerk's Office by the date of sentencing.

9. At the time of sentencing, the United States will:

-recommend a sentence of imprisonment at the low end of the applicable Guideline Range,

-recommend a fine at the low end of the applicable Guideline Range, to be due and payable on the date of sentencing,

-recommend a reduction of 2 or 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by § 3 E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea, and

-demand forfeiture of any interest the defendant may have in a Hi-Point, Model JCP 40 S&W, .40 caliber pistol, bearing serial number X711046, and a Taurus, Model PT709, 9 millimeter pistol, bearing serial number TEN69471.

10. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

COUNTS 1, 3, and 5-21 U.S.C. § 841(a)

| | |
|---|---|
| Base Offense Level- (§ 2D1.1(c)(14)) | 12 |
| Dangerous weapon possessed (§ 2D1.1(b)(1)) | +2 |
| Total offense level | <u>14</u> |

4

COUNTS 2 and 4-18 U.S.C. § 922(g)(1):

| | |
|---|---|
| Base Offense Level: (§ 2K2.1(a)(4)(A)) | 14 |
| Defendant engaged in trafficking of firearms (§ 2K2.1(b)(5)) | +4 |
| Defendant possessed a firearm in connection with another felony offense (§ 2K2.1(b)(6)(B)) | +4 |
| Total Offense level: | 22 |
| Acceptance of Responsibility: (§ 3E1.1(a)) | -3 |
| Total Offense Level: | <u>19</u> |

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

11. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

12. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

13. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

15. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

16. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other

promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED

JOHN E. KUHN, JR.
United States Attorney

_____     3/21/17
Thomas W. Dyke                                          Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     3/21/17
Francis Cordero-Rosario                             Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

_____     3/21/2017
Patrick Renn                                               Date
Counsel for Defendant

JEK:twd

7